1  Michael A. McGill, SBN 231613
2  mcgill@policeattorney.com
   **LACKIE, DAMMEIER & MCGILL APC**
3  367 North Second Avenue
4  Upland, CA 91786
   Telephone: (909) 985-4003
5  Facsimile: (909) 985-3299
6
7  Attorneys for Plaintiffs,
   CLIFF OHLER and KURT SCHLOTTERBECK
8
9
10              **UNITED STATES DISTRICT COURT**
11              **CENTRAL DISTRICT OF CALIFORNIA**
12
13 CLIFF OHLER and KURT                 Case No. **CV10‑09892** SVW (JCGx)
   SCHLOTTERBECK,
14
15         Plaintiffs,                  **COMPLAINT FOR DAMAGES**
                                        **AND INJUNCTIVE RELIEF FOR**
16    vs.                               **VIOLATION OF INDIVIDUAL**
                                        **CIVIL RIGHTS AND LIBERTIES**
17 CITY OF FONTANA, a municipal         **WITH SUPPLEMENTAL STATE**
   corporation; CITY OF FONTANA         **LAW CLAIMS**
18 POLICE DEPARTMENT, an operating
19 department thereof; ROD JONES,
   individually and as Chief of Police; **DEMAND FOR JURY TRIAL**
20 KEN HUNT, individually and as a City
21 Manager; NATE HARLEY,
   individually and as a Captain; DAVID
22 FAULKNER, individually and as a
23 Captain; WILLIAM MEGENNEY,
   individually and as a Lieutenant;
24 ORBELIO RODRIGUEZ, individually
25 and as a Lieutenant; and DOES 1
   THROUGH 10,
26
27         Defendants.
28

                                    1

# I.

## PREFATORY

1.     This is an action for damages and injunctive relief for personal injury suffered by the Plaintiffs as a result of wrongful retaliation for the lawful exercise of individual civil rights and liberties of free expression and participation in labor, union, and political activities.

# II.

## JURISDICTION AND VENUE

2.     Plaintiffs' action is authorized by 42 U.S.C. §1983, which provides for redress for the deprivation under color of state law of rights secured by the Constitution and the laws of the United States.  Jurisdiction is conferred on this Court by 28 U.S.C. §1343(3), providing for jurisdiction in this Court of suits authorized by 42 U.S.C. §1983 to redress the deprivation under color of state law of any right, privilege, or immunity secured by the Constitution of the United States, and by 28 U.S.C. §1343(4), providing for the protection of civil rights. Federal supplemental jurisdiction over the state law claims is conferred by 28 U.S.C. §1367.  This Court has authority to provide declaratory and injunctive relief in this case pursuant to 28 U.S.C. §§2201 and 2202.  Venue is proper in the Central District of California in that the wrongs alleged herein occurred within the City of Fontana, within the Central District.

# III.

## PARTIES

3.     Plaintiffs CLIFF OHLER ("Ohler") and KURT SCHLOTTERBECK ("Schlotterbeck") are employees of the City of Fontana, employed within the Police Department.  Ohler has been employed as a Police Officer since 2000, and in or about 2005, was promoted to the rank of Police Corporal.  In his time with the City, Ohler has experienced no discipline and has a stellar performance history.

2

1

Schlotterbeck has been employed as a Police Officer since 1999, and in or about

2

2004, was promoted to the rank of Police Corporal. In his time with the City,

3

Schlotterbeck has experienced minimal discipline, with no recent discipline, and

4

has a stellar performance history.

5

4.      Defendant City of Fontana ("the City") is a duly constituted municipal

6

corporation operating under the laws of the State of California, wholly situated in

7

the County of San Bernardino. The Fontana Police Department ("the

8

9

Department") is an operating department of the City. At all times relevant herein

10

for all purposes connected with the management of employment relations matters

11

within the Police Department, the City delegated its final policy-making authority

12

to Defendants Jones and Hunt. The City has adopted and ratified each of the

13

decisions of Jones and Hunt as alleged herein as its own policies, customs,

14

practices or decisions, as if the same had been promulgated directly by the City.

15

5.      Defendant ROD JONES ("Jones") was, at all times relevant to this

16

action, except as otherwise mentioned, the Chief of Police for the Police

17

Department. In doing the things alleged herein, he acted under color of state law,

18

within the course and scope of his employment, and as an official policy-maker for

19

the City. As a Department Head, he is vested with policy-making authority over

20

actions such as the ones at issue in this complaint.

21

6.      Defendant Ken Hunt ("Hunt") was, at all times relevant to this action,

22

except as otherwise mentioned, the City Manager for the City. In doing the things

23

alleged herein, he acted under color of state law, within the course and scope of his

24

employment, and as an official policy-maker for the City. As City Manager, he is

25

vested with policy-making authority over actions such as the ones at issue in this

26

complaint.

27

28

7.      Defendants DAVID FAULKNER ("Faulkner"), NATE HARLEY

("Harley"), WILLIAM MEGENNEY ("McGenney"), and ORBELIO

3

RODRIGUEZ ("Rodriguez"), were, at all times relevant to this action, except as otherwise mentioned, captains and lieutenants for the Police Department. In doing the things alleged herein, they acted under color of state law and within the course and scope of their employment. DOES 1 through 10 are not known or identified at this time. On information and belief, Plaintiffs allege that each DOE is in some manner responsible for the wrongs alleged herein, and that each such Defendant advised, encouraged, participated in, ratified, directed, or conspired to do, the wrongful acts alleged herein. When the true names and capacities of said Defendants become known, Plaintiffs will seek relief to amend this Complaint to show their true identities in place of their fictitious names as DOES 1 through 10.

8.      Defendants, and each of them, were the agents, employees and servants of every other Defendant. Defendants acted in the course and scope of said agency, service and employment at all relevant times.

## IV.

## PROTECTED ACTIVITIES, SPEECH & ASSOCIATION

9.      Prior to 2007, Ohler and Schlotterbeck (collectively referred to as "Plaintiffs") have had positive work experiences and have been well regarded by the Defendants, and management in general. In or about 2007, Plaintiffs became active on the Fontana Police Officers' Association ("FPOA") Board of Directors. Ohler was voted in and became the FPOA President, and later, became the Past-President. At all times relevant to the allegations herein, Schlotterbeck held the position as Vice-President, President and Past-President of the FPOA. The FPOA is the recognized employee association for Police Officer Trainee, Police Officer, and Police Corporal.

10.     During their years of service to the FPOA, the Plaintiffs have each individually and collectively engaged in various protected activities and made numerous protected disclosures, some of which are described here. These actions

4

include the disclosure of illegal activities, violations of statutes and/or regulations, violations of city personnel rules and regulations, waste of public funds, and unsafe working conditions; Plaintiffs have engaged in political activities, and exercised their collective bargaining rights and engaged in union activities, all of which was protected under state and federal law. Plaintiffs were and have been persistent in their goal to clean up the corruption within the City of Fontana and force City officials to do things legally, ethically, and in accordance with the expectations set by state and federal law and as expected by the public.

11. Plaintiffs' protected activities and/or disclosures include, but are not limited, as follows. Plaintiffs engaged in numerous battles on behalf of the FPOA aimed at ending the disparate treatment between management and the rank and file. The most prevalent example included Lieutenant Tronaas being caught in his department issued black and white vehicle engaging in sexual acts with a female that was not his wife. Plaintiffs, on behalf of the FPOA, believed that these allegations constituted violations of internal policy, as well as state law. Plaintiffs believed that the Defendants essentially covered up the incident with little to no discipline. Management personnel have often stated that as soon as you promote to a management position, you now become a member of the "Protected Class of 1964," referring to the Civil Rights Act of 1964. The common meaning was that once you become management, you are subject to a different set of rules than the rank and file officers. With these examples in hand, Plaintiffs approached the Chief of Police, hoping to resolve the important issues of disparate treatment.

12. Similarly, Plaintiffs learned that the same Lieutenant illegally had a criminal case dismissed against a female individual he was having a sexual relationship with. The Lieutenant drafted an improper and fraudulent supplemental report, attached it to the officers' report, and because the supplemental report conflicted with the officers' account, the case was dismissed. Plaintiffs brought

5

1   this illegal action forward, again demanding that the City and the Defendants not

2   cover up the misconduct and correct the behavior.

3       13.    Plaintiffs engaged in numerous conversations with the prior chief of

4   police at the time with the goal of exposing and ending the corruption within the

5   City and the cover up that numerous other management officials engaged in with

6   respect to those actions. In addition, Plaintiffs disclosed the fact that civil rights

7   violations had occurred involving excessive force on suspects. Members within

8   the narcotics unit reported this action, however nothing was done. The matter was

9   brought to the attention of Plaintiffs, as FPOA Board Members, who took action.

10      14.    Plaintiffs spoke with numerous command staff officials about each of

11  these issues, as well as others. These officials contributed to the cover up and

12  made clear to Plaintiffs that they would not take any action. Plaintiffs then went to

13  the prior chief again, and he refused to take any action. Expecting another cover

14  up, Plaintiffs disclosed the illegal activities to a City Council Member and City

15  Manager Ken Hunt. Hunt first expressed no interest in handling the matter, but

16  was forced to address the matters at the behest of the Council Member. At one

17  point, Hunt indicated that he had no concern for what Plaintiffs were disclosing,

18  stating that he was "Mr. Fontana" and that "only his opinion mattered." The

19  individuals expressed no desire to address the corruption until Plaintiffs threatened

20  to go to the media and expose the misconduct. At that time, the Defendants agreed

21  to conduct an investigation. As it turned out, the investigation was a fraud and was

22  conducted not by a neutral investigator, but by a firm of the City's choosing who

23  simply did its bidding.

24      15.    As part of the obstruction by the Defendants to the Plaintiffs'

25  insistence on ending the corruption, Plaintiffs sent requests for public records

26  regarding documentation evidencing an affair between Hunt and his assistant, who

27  he had recently promoted to a high-paying position. Plaintiffs made clear that they

28

1  believed that Hunt had illegally promoted his mistress to a position she was not
2  qualified for and was paid exponentially more money than the position was worth.

3          16.     Based on information and belief, the prior chief was made the
4  scapegoat for the illegal actions, and was forced to retire. Hunt promoted Jones to
5  police chief believing that it would appease Plaintiffs, and more importantly, the
6  FPOA. From that point, various Defendants became upset and angry at Plaintiffs
7  because they had conspired amongst themselves to create a "line of succession"
8  each promoting each other and insuring that each is taken care of, and that
9  Plaintiffs had destroyed that by their actions.

10         17.     For example, in or about January of 2008, Plaintiffs were accosted by
11  a sergeant and chastised for their "gangster like tactics" and acting like "Hoffa"
12  when dealing with the prior chief and Hunt. The sergeant was angry at Plaintiffs
13  because their "plan" was for Hosteter to become the next Chief, and not Jones.
14  Sergeant, now Lieutenant Rodriguez, threatened Plaintiffs stating that they have
15  ruined a lot of plans and aspirations and that Plaintiffs need to be careful and that
16  people don't forget about this kind of stuff. Although Rodriguez was shortly
17  thereafter promoted by Jones, Rodriguez yelled at Plaintiffs stating "Fuck that
18  mother fucker (referring to either Jones or Radcliffe), Radcliffe shouldn't have
19  been promoted over me."

20         18.     At one point, Plaintiffs were told precisely of the line of succession, in
21  that Captain Hosteter was supposed be appointed Chief after the prior chief left, so
22  he could promote Lt. Ramsey to Captain and at the end of his tenure Ramsey
23  would be appointed Chief and Rodriguez would be promoted to Captain. Green
24  would be promoted to Lieutenant. When Ramsey retired as Chief, Rodriguez
25  would become Chief and Green would become a Captain falling in line to be Chief
26  behind Rodriguez. Both Green and Rodriguez threatened Plaintiffs that their POA
27  actions completely ruined their plan and that Jones would promote people that
28  were not worthy of promoting. From that point forward, Defendants each

7

1  chastised, threatened and harassed Plaintiffs for engaging in protected activities
2  and making protected disclosures. At one point, Plaintiffs reported the harassment
3  and threatening conduct of Defendants and Tolerico. Plaintiffs exposed the fact
4  that Defendants refused to abide by and completely disregarded the merit and/or
5  civil service system, but instead opted to create their own system of promoting
6  their friends and/or people who would abide by their illegal actions.

7      19.    In retaliation for exercising their protected rights and making the
8  numerous protected disclosures, Plaintiffs were scored markedly less by the
9  Defendants than other candidates and were passed over for promotion in 2008 and
10  in February 2010. In addition, a vacancy currently exists that Defendants are not
11  filling and by not doing so are retaliating against Plaintiffs by not promoting them.
12  On one occasion, a Captain advised Plaintiffs that they are not being promoted
13  because of their POA activities as outlined herein.

14      20.    Plaintiffs were subjected to these adverse employment actions as a
15  result of engaging in the aforementioned protected speech activities. There exists
16  no legitimate justification for taking the aforementioned adverse actions against
17  Plaintiffs. At all times, Plaintiff's speech and associational activities were not
18  make pursuant to their official job duties. In addition, Plaintiffs have filed a timely
19  governmental tort claim.

## V.

## CAUSES OF ACTION

## COUNT ONE

### *42 U.S.C. 1983*

*Against All Defendants*

21.    Plaintiffs hereby incorporate each and every preceding paragraph as
though set forth in full here.

22.    Defendants retaliated against Plaintiffs as alleged herein as a direct
result of the Plaintiffs exercising their constitutional rights to free speech,

8

1    association and participating in labor, organizational, social and political activities
2    as members and leaders of the Police Officers' Association. Defendants took the
3    aforementioned adverse actions against them out of retaliation. Absent said
4    protected speech and activities, Plaintiffs would not have suffered adverse
5    employment actions, and would not have been injured.

6        23.    The various acts of intimidation, reprisal, retaliation, suppression
7    and/or restraint exercised by Defendants against Plaintiffs have created a chilling
8    effect on their legitimate political, social and organizational speech by creating
9    fear, hesitation, hostility and other destructive responses.

10       24.    In doing the things alleged herein, Defendants, and each of them,
11   violated the rights of Plaintiffs under the First and Fourteenth Amendments to the
12   United States Constitution to free expression, association and assembly.
13   Specifically, Defendants have taken the aforementioned actions against Plaintiffs
14   in direct retaliation for, and in response to the various protected activities of
15   Plaintiffs.

16       25.    Based upon information and belief, the acts and omissions of
17   Defendants, and each of them, were done by Defendants under color of state law
18   and as final policy making authorities to which Defendant City delegated its
19   governing powers in the subject matter areas in which these policies were
20   promulgated or decisions taken or customs and practices followed. The acts and
21   omissions described above were taken by the City's official policy makers as
22   members charged with such responsibility.

23       26.    It was or should have been plainly obvious to any reasonable policy
24   making official of City that the acts and omissions of Defendants as alleged herein,
25   taking singly or in conjunction, directly violated and continued to violate
26   Plaintiffs' clearly established constitutional and statutory rights. In doing the
27   things alleged herein, Defendants acted with malicious intent to violate Plaintiffs'
28   rights, or at least in conscious, reckless, and callous disregard of Plaintiffs' rights

9

1    and to the injurious consequences likely to result from a violation of said rights.

2    General and special damages are sought according to proof. Punitive damages are

3    sought against the individual defendants, according to proof.

4        27.    Plaintiffs have no plain, speedy or adequate remedy at law to prevent

5    future violations of their civil rights, and therefore seek extraordinary relief in the

6    form of permanent injunctions, as hereafter described. Damages alone are

7    inadequate and injunctive relief is sought to command Defendants to promote

8    Plaintiffs to the rank of sergeant, in order to place them in the position they would

9    have been in, absent the unlawful conduct by Defendants.

10                              **COUNT TWO**

11      *Gov't Code §§ 3502, 3506 & Labor Code § 1102.5 - Retaliation*

12                            *Against the City*

13       28.    Plaintiffs hereby incorporate each and every preceding paragraph as

14   though set forth in full here.

15       29.    Labor Code section 1102.5 prohibits an employer, among other

16   things, from retaliating against an employee for disclosing a violation of state or

17   federal statute, or a violation or noncompliance with a state or federal rule or

18   regulation.

19       30.    Government Code sections 3502 and 3506 prohibit public agencies

20   from interfering with, or discriminating against, public employees because of their

21   participation in the activities of employee organizations for the purpose of

22   representation on all matters of employer-employee relations.

23       31.    Defendants actions as alleged herein are violations of these statutory

24   protections afforded individuals such as Plaintiffs. In engaging in the

25   aforementioned speech activities, Plaintiffs engaged in activities protected by these

26   statutes. As a direct result of the Plaintiffs' speech/disclosures, the Defendants

27   took the aforementioned adverse actions against them. Absent said speech,

28

10

1  Defendants would not have taken said actions. In doing the things alleged herein,
2  Defendants, and each of them, violated the rights of Plaintiffs as set forth herein.

3      32.    In doing the things alleged herein, Defendants acted with malicious
4  intent to violate Plaintiffs' rights, or at least in conscious, reckless, and callous
5  disregard of Plaintiffs' rights and to the injurious consequences likely to result
6  from a violation of said rights. General and special damages are sought according
7  to proof. Punitive damages are sought against the individual defendants, according
8  to proof.

9      33.    Plaintiffs have exhausted all available and appropriate administrative
10 remedies to compel the relief sought herein, including the filing of a Claim for
11 Damages which has been rejected by Defendants.

12                              **PRAYER**

13     WHEREFORE, Plaintiffs pray:

14     1.     For general, special, compensatory (including lost wages and
15            benefits), statutory, exemplary and punitive damages according to
16            proof;

17     2.     For injunctive relief as described above;

18     3.     For costs of suit;

19     4.     For attorneys fees as permitted by law; and

20     5.     For any and all other appropriate relief the Court deems necessary.

22 Dated: December 20, 2010              LACKIE, DAMMEIER & MCGILL, APC

25                                       Michael A. McGill,
26                                       *Attorney for Plaintiffs*,
                                         CLIFF OHLER & KURT
27                                       SCHLOTTERBECK

11

1

## DEMAND FOR JURY TRIAL

2      Plaintiff hereby demands a jury trial under F.R. Civ. P., Rule 38 and C.D.

3   Cal. Rule 3.4.10.1.

4   Dated: December 20, 2010                LACKIE, DAMMEIER & MCGILL, APC

5

6

7                                      Michael A. McGill,
                                       *Attorney for Plaintiff,*
8                                      CLIFF OHLER & KURT
9                                      SCHLOTTERBECK

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Jay C. Gandhi.

The case number on all documents filed with the Court should read as follows:

## CV10- 9892 SVW (JCGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Michael A. McGill, (SBN 231613)
mggill@policeattorney.com
LACKIE, DAMMEIER & MCGILL, APC
367 North Second Avenue
Upland, CA 91786

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| CLIFF OHLER and KURT SCHLOTTERBECK, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | $CV10 \cdot 09892$ SVW (JCGx) |
| CITY OF FONTANA, a municipal corporation; CITY OF FONTANA POLICE DEPARTMENT, an operating department thereof; (See Attachment) DEFENDANT(S). | **SUMMONS** |

TO: DEFENDANT(S): CITY OF FONTANA, a municipal corporation; CITY OF FONTANA POLICE DEPARTMENT, an operating department thereof; (See Attachment)

A lawsuit has been filed against you.

Within  $\underline{21}$  days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Michael A. McGill _____, whose address is Llackie, Dammeier & McGill, 367 North Second Avenue, Upland, CA 91786 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: DEC 2 2 2010

By: _____
　　　Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Ohler and Schlotterbeck v. City of Fontana, et al | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

ROD JONES, individually and as Chief of Police; KEN HUNT, individually and as City Manager; NATE HARLEY, individually and as Captain; DAVID FAULKNER, individually and as Captain; WILLIAM MEGENNEY, individually as as Lieutenant; ORBELIO RODRIQUEZ, individually and as Lieutenant; and DOES 1 THROUGH 10

Page __2__ of __2__

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself □)<br>Cliff Ohler and Kurt Schlotterbeck, | **DEFENDANTS**<br>City of Fontana, a municipal corporation; City of Fontana Police Department, an operating department thereof; Rod Jones, individually and as Chief of Police; (See Attachment) |
| **(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):<br>San Bernardino County | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):<br>San Bernardino County |
| **(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Michael A. McGill, Esq.<br>Lackie Dammeier McGill, APC<br>367 N. Second Avenue<br>Upland, CA 91786   Tel: (909) 985-4303 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No            ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | | | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | ☑ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No   ☐ Yes

If yes, list case number(s):                    **CV10 - 09892**

**FOR OFFICE USE ONLY:**   Case Number: _____

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑No  ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
  San Bernardino County

List the California County, or State if other than California, in which **EACH** named defendant resides.  (Use an additional sheet if necessary).
☐  Check here if the U.S. government, its agencies or employees is a named defendant.
  San Bernardino County

**List the California County,** or  State if other than California, in which **EACH** claim arose.  (Use an additional sheet if necessary)
**Note:** In land condemnation cases, use the location of the tract of land involved.
  San Bernardino County

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____  Date  12/22/10

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969.  (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Ohler and Schlotterbeck v. City of Fontana, et al. | |

1

2 Attachment to Civil Cover Sheet:

3 Additional Defendants:

4 KEN HUNT, individually and as City Manager; NATE HARLEY, individually as as Captain; DAVID
5 FAULKNER, individually and as Captain; WILLIAM MEGENNEY, individually and as Lieutenant;
6 OBELIO RODRIQUEZ, individually and as Lieutenant; and DOES 1 THROUGH 10,

7                                        Defendants.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26 *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

27 | This page may be used with any Judicial Council form or any other paper filed with the court. | Page  3 |
|---|---|

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501
American LegalNet, Inc. | www.USCourtForms.com