HOWARD B. GOLDS, Bar No. 112626
howard.golds@bbklaw.com
CYNTHIA M. GERMANO, Bar No. 151360
cynthia.germano@bbklaw.com
BEST BEST & KRIEGER LLP
3750 University Avenue, Suite 400
P.O. Box 1028
Riverside, CA 92502
Telephone: (951) 686-1450
Facsimile: (951) 686-3083

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFF OHLER and KURT SCHLOTTERBECK,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF FONTANA, a municipal corporation, CITY OF FONTANA POLICE DEPARTMENT, an operating department thereof, ROD JONES, individually and as Chief of Police; KEN HUNT, individually and as a City Manager; NATE HARLEY, individually and as a Captain; DAVID FAULKNER, individually and as a Captain; WILLIAM MEGENNEY, individually and as a Lieutenant; ORBELIO RODRIGUEZ, individually and as a Lieutenant; and DOES 1 THROUGH 10,<br><br>Defendant. | Case No. CV10-09892 SVW (JCGx)<br><br>STIPULATION AND ~~[PROPOSED]~~ PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION<br><br>NOTE CHANGES MADE BY THE COURT. |

## STIPULATION

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality and protect confidential and private information, the parties hereby stipulate to the following Protective Order, subject to approval of the Court.

## RECITALS

A. On or about May 3 and 5, 2011, Plaintiff Cliff Ohler and Kurt Schlotterbeck ("Plaintiffs") caused Defendant City of Fontana ("Defendant") to be served with multiple sets of Requests for Production of Documents in the above-captioned matter (*Ohler, et al. v. City of Fontana, et al.*, United States District Court, Central District of California, Case Number CV10-09892 SVW (JCGx)) (hereinafter referred to as the "Action"). The Requests for Production of Documents each seek certain documents from Defendant, including information regarding Defendants' public employees which are subject to Constitutional privacy protections.

B. The parties to this Stipulation agree that in order to protect the privacy interests of Defendant's employees and to protect certain confidential information of Defendant that may be disclosed as a result of Plaintiffs' Requests for Production of Documents or other discovery procedures, a protective order should be issued. By entering into this Stipulation, Defendants are not waiving any grounds on which to object to any currently pending or future requests for production of documents propounded by Plaintiffs.

IT IS HEREBY STIPULATED AND AGREED by Defendant and Plaintiffs, by and through their respective counsel, as follows:

1. Confidential Documents and Information (hereinafter referred to as "Confidential Documents" or "Confidential Documents and Information") include any documents or information that relate in any manner to Defendant's employees' *private* employment information.

2. All Confidential Documents and Information produced or disclosed by Defendant in this Action, whether by volition or pursuant to discovery demand or court order, shall be provided only to the following:

    (a) Plaintiffs' attorneys, Plaintiffs' attorneys' staff or office personnel;

    (b) Experts or consultants assisting Plaintiffs' counsel in this Action;

    (c) Judicial or administrative employees in connection with proceedings relating to the above-entitled litigation; and

    (d) Court reporters and other stenographic or recording personnel.

3. Every person receiving Confidential Information or Confidential Documents is prohibited from disseminating in any fashion, manner or method the Confidential Documents and Information produced herein by Defendant, including any summaries or abstracts thereof, outside the context of this litigation in any manner. Each of those persons may use such Confidential Documents and Information within the context of this litigation only, including at depositions ~~and at trial~~ per the terms of this Order.

4. This Stipulation and Protective Order has no effect upon, and its scope shall not extend to, Defendant's use of its own Confidential Information or Confidential Documents.

5. Should Plaintiffs terminate their relationship with their attorneys while Plaintiffs' attorneys are in possession of Confidential Documents and Information, such Confidential Documents and Information shall be returned to Defendant within 20 days of said termination. Defendant will reproduce the Confidential Documents and Information only to an attorney retained by Plaintiffs for representation of this Action who has executed, and filed with the Court, his or her agreement to be bound by this Stipulation and Protective Order.

6. In the event additional parties join or are joined in the Action, counsel for the additional parties shall not have access to the Confidential Information or Confidential Documents until counsel has executed, and filed with the Court, its agreement to be bound by this Stipulation and Protective Order.

7. Confidential Documents and Information produced by Defendant shall be clearly marked, "Confidential - Subject to Protective Order."

8. All documents or information designated by Defendant as Confidential Documents and Information shall retain that designation and shall remain subject to this Stipulation until such time, if ever, as this Court renders a decision, which becomes final, that any such documents or information are not covered by the terms of the Stipulation.

9. No person who examines Confidential Documents and Information produced pursuant to this Stipulation and Order shall disseminate orally, in writing

or by any other means, any information derived from such Confidential Documents and Information whatsoever to any person not also authorized to examine such documents and information under the terms of this Stipulation.

10. Each person examining the Confidential Documents and Information, including digests, summaries, extracts, and/or notes thereof, or to whom any of the contents thereof are disseminated, hereby agrees to be subject to the jurisdiction of this court for proceedings regarding contempt and any other proceedings in the event of any violation or alleged violation of this Stipulation and any Order issued pursuant thereto. No person shall be allowed to disclose, by any means whatsoever, any Confidential Documents and Information (including digests, summaries and extracts), any notes arising there from, or any description of any things produced, until the person to whom disclosure is to be made has:

(a) read this Stipulation and Order in its entirety;

(b) signed a form of the Acknowledgment attached hereto as Exhibit A signifying agreement to its provisions and consent to the jurisdiction of the Court over his or her person, and has had his or her signature notarized.

11. Plaintiffs' attorney shall maintain a list of all recipients of Confidential Documents and Information (including extracts, summaries or digests thereof) (hereinafter referred to as the "List"). If a controversy arises between the parties to this Stipulation in regards to the Stipulation and Order issued pursuant thereto, Plaintiffs' attorney shall file the List with the Court in which this Action is heard and shall cooperate and consent to any attempt to have said List sealed.

12. All Confidential Information discovered from examination of Confidential Documents shall be used only in connection with this Action and shall not be used in connection with any other lawsuit, arbitration, claim, proceeding, or for any other purpose, whatsoever.

13. If any or all portions of a deposition relate to the Confidential Documents and Information protected by this Stipulation, the transcript of the deposition or relevant portion thereof shall be subject to the terms of this Order without further action of this Court.

14. The parties may agree by written stipulation to allow the use or disclosure of some or all of the Confidential Documents and Information, or any deposition or portion of deposition related thereto, at any time during this proceeding. Furthermore, either party may seek an order through a written motion *strictly pursuant to L.R. 37* to the Court to allow the disclosure or use of such Confidential Documents and Information, or all or any portion of any deposition transcript related thereto. ~~All parties and their respective counsel agree to not oppose the hearing of such a motion on shortened time, or at the time of trial.~~ *The parties shall familiarize themselves with L.R. 37-3 and Mission Power v. Continental Cas., 883 F.Supp. 488 (C.D. Cal. 1995).*

15. The production of Confidential Documents and Information shall not constitute a waiver of Defendant's right to claim in this Action or otherwise that said Confidential Documents and Information are privileged or are otherwise non-discoverable.

16. All Confidential Documents and Information (including extracts, summaries and digests thereof), copies of such materials, and all notes arising from the examination of such materials, shall be surrendered to Defendant for destruction at the conclusion of this Action. Plaintiffs shall certify, within twenty (20) days of

the conclusion of the final proceedings of this Action, by declaration under penalty of perjury, that the requirements of this paragraph have been met.

17. This Stipulation shall be subject to court approval, binding upon all parties upon their signature hereto, and by signing hereto each party agrees to comply with the terms of this Stipulation and to be bound thereby. In the event that the Court does not enter the Proposed Protective Order based upon this Stipulation, Plaintiffs and Defendant shall in good faith negotiate any terms which the Court finds objectionable.

18. Plaintiffs and Defendant agree that violation or threatened violation of the terms of this Stipulation shall constitute irreparable harm and qualify as valid grounds for seeking injunctive relief to prevent the violation.

19. The Court retains jurisdiction to enforce this Stipulation and any Order issued pursuant thereto. Any party seeking to enforce this Order or claiming a breach thereof may move at a noticed hearing for contempt or for appropriate sanctions under the Federal Rules of Civil Procedure.

| | | |
|---|---|---|
| Dated: June __, 2011 | | BEST BEST & KRIEGER LLP |

By: /s/
HOWARD B. GOLDS
CYNTHIA M. GERMANO
Attorneys for Defendants
City of Fontana, City of Fontana Police Department, Rod Jones, Ken Hunt, Nate Harley, David Faulkner, William Megenney and Orbelio Rodriguez

Dated: June 13, 2011          LACKIE, DAMMEIR & MCGILL APC

By: _____
MICHAEL A. MCGILL
Attorneys for Plaintiffs
Cliff Ohler and Kurt Schlotterbeck

## ORDER

The Court, having reviewed the Parties' Stipulation and Confidentiality Agreement, and good cause appearing, hereby issues a Protective Order pursuant to the terms set forth in the agreement.

<u>IT IS SO ORDERED.</u>

Dated: 6-16-2011

_____
~~Federal District Court~~ Judge
Magistrate

**Jay C. Gandhi**

# EXHIBIT "A"
## TO STIPULATION AND PROTECTIVE ORDER REGARDIG CONFIDENTIAL INFORMATION

## ACKNOWLEDGMENT OF CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

I hereby acknowledge that I have read the Stipulation and Protective Order Regarding Confidential Information between Plaintiffs Cliff Ohler and Kurt Schlotterbeck and Defendant City of Fontana in *Ohler, et seq. v. City of Fontana, et seq.*, United States District Court, Central District of California Case Number CV10-09892 SVW (JCGx), and I agree to be bound by its terms. I also agree to submit to the jurisdiction of the United States District Court, Central District of California for enforcement of said Order.

Dated: _____     Signed by: _____

Printed Name of Person to be Bound:

_____

Address and Telephone Number:

_____

_____

_____

STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION